UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BURGER, *et al.*, | ) | CASE NO. 1:24-cv-2083 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant CSX Transportation, Inc.'s ("CSX") motion to partially dismiss the amended complaint ("Motion to Dismiss"). (ECF No. 139). Plaintiff Adam Dallas has filed a timely opposition. (ECF No. 143). CSX filed a timely reply in support of its motion. (ECF No. 147). For the reasons discussed below, the Motion to Dismiss is **DENIED**.

**I.    FACTUAL BACKGROUND**[1]

Since 2015, CSX has attempted to curb its employees' use of approved leave under the Family and Medical Leave Act ("FMLA") in two ways. (ECF No. 136, ¶¶ 19–20). First, it implemented a new attendance policy in 2015 ("Crew Attendance Point System" or "CAPS") that penalizes and discriminates against employees who take FMLA leave because the policy permits negative points for missed time to be erased from an employee's record after a remediation period, except in cases of FMLA leave. (*Id.* ¶¶ 20–23). Second, CSX has attempted to purge employees who rely on FMLA leave and discouraged the use of FMLA leave by disciplining and terminating employees who use it on weekends and holidays. (*Id.* ¶ 25). In January 2018, CSX charged more

---

[1] The factual allegations that follow are contained within Plaintiff's amended complaint. (ECF No. 136). The Court must accept all plausible allegations as true because, at this stage of the proceeding, the Court must construe the allegations in a light most favorable to Plaintiff Dallas (the non-movant). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

1

than 100 employees who took FMLA leave on Christmas Eve, Christmas Day, New Year's Eve, or New Year's Day with workplace rule violations; they were removed from service without pay based on CSX's belief that the use of leave was suspicious.  (*Id.* ¶¶ 25–28).

Plaintiff Dallas was a CSX employee who suffered from a back condition that required inpatient care and continuing treatment by a healthcare provider.  (*Id.* ¶¶ 8, 45–47).  CSX approved Dallas's request for intermittent FMLA leave based on this condition.  (*Id.* ¶¶ 48–49).  Dallas informed CSX that he needed to use the approved intermittent FMLA leave from December 24, 2017 to December 26, 2017 because of his back condition.  (*Id.* ¶¶ 51–52).  CSX accused Dallas of abusing his intermittent FMLA leave and terminated him after a perfunctory hearing.  (*Id.* ¶ 53).

## II.     PROCEDURAL BACKGROUND

### A.     District Court of Maryland

On March 13, 2018, 20 former and current CSX employees filed a class action complaint ("*Bell*") in the District Court of Maryland, asserting various claims of interference and retaliation under the FMLA.  (ECF No. 1); Compl., *Burgess v. CSX Trans., Inc.*, 1:18-cv-744 (D. Md. Mar. 13, 2018).[2]  On June 18, 2018, the *Bell* plaintiffs requested leave to amend their complaint to add additional plaintiffs and new claims asserting violations of the Americans with Disabilities Act ("ADA").  (ECF Nos. 20, 20-1).  On November 19, 2018, the *Bell* court stayed the case pending arbitration, noting that it was not precluded from addressing and resolving the pending motion for leave to amend despite the stay.  (ECF No. 40).

While proceedings were stayed, the *Bell* plaintiffs filed a motion for leave to file a second amended complaint on December 13, 2018.  (ECF Nos. 42, 43).  In relevant part, the *Bell* plaintiffs

---

[2] The class action was originally titled as *Bell v. CSX Trans. Inc.* until Plaintiff Daniel Bell's individual case was transferred to the Southern District of Indiana. (ECF No. 129, PageID #6017–18).  The parties also refer to the class action as *Bell* in their briefings.  (*See, e.g.*, ECF No. 84, PageID #84, ECF No. 143, PageID #111).

sought to add Dallas as a plaintiff and assert FMLA claims of interference and discrimination on his behalf. (ECF No. 43-3, PageID #934, 952–53, 1006–08). The *Bell* court denied the motion for leave to file a second amended complaint without prejudice because the case was stayed and the motion was therefore improperly filed. (ECF No. 45).

On May 16, 2019, the *Bell* court granted the *Bell* plaintiffs' motion for leave to amend the complaint (ECF No. 20) to the extent that the proposed new plaintiffs could assert claims for FMLA retaliation. (ECF No. 50, PageID #1667–68; ECF No. 51, PageID #1169). The motion for leave to amend the complaint was otherwise denied, specifically as to the request to assert claims based on the ADA. (ECF No. 50, PageID #1167). The *Bell* court instructed the *Bell* plaintiffs that they may seek leave to file an amended complaint after the stay was lifted and stated that the "statute of limitations as to the proposed new Plaintiffs on their claim of retaliation in violation of the FMLA will be tolled until thirty days after the stay is lifted." (ECF No. 50, PageID #1667; ECF No. 51, PageID #1169).

The *Bell* plaintiffs filed an unopposed motion to amend the May 16, 2019 Order (ECF No. 51) because it was silent as to their motion to file a second amended complaint (ECF No. 42) and they wanted to make sure that the statute of limitations was also tolled for the claims of the proposed plaintiffs in that motion, including Plaintiff Dallas. (ECF No. 54). On July 15, 2019, the *Bell* court granted the motion and amended paragraph 5 of the May 16, 2019 Order to state:

> Once the stay in this case is lifted, Plaintiffs may seek leave to amend their complaint as to individual claims of FMLA retaliation by the proposed additional Plaintiffs named in both the proposed first amended complaint and in the proposed second amended complaint. The motion is otherwise denied, and this Court's denial of the motion with respect to claims brought under the Americans with Disabilities Act applies equally to those made in the proposed second amended complaint as it does to those made in the proposed first amended complaint. The statute of limitations on these proposed additional Plaintiffs' claims is tolled until thirty days after the stay is lifted.

3

(ECF No. 55).

On April 1, 2024, the *Bell* court lifted the stay. (ECF No. 96). On April 23, 2024, the *Bell* plaintiffs filed an amended complaint. (ECF No. 104). The amended complaint added Dallas as a plaintiff and asserted FMLA claims of interference and discrimination on his behalf. (*Id.* at PageID #5731, 5750–51, 5801–03). As far as the factual allegations underlying Dallas's FMLA claims, the amended complaint alleged that CSX had accused Dallas of abusing intermittent FMLA leave from December 24, 2017 to December 26, 2017, and suspended him without pay. (*Id.* at PageID #5750–51).

### B. Transfer to the Northern District of Ohio

On November 26, 2024, the *Bell* court transferred the individual cases of those plaintiffs who resided outside the District of Maryland to their respective federal district courts. (ECF No. 129). The cases of Plaintiff Burger and Plaintiff Dallas (collectively, "Plaintiffs") were transferred to this Court. (*Id.* at PageID #6017–18; ECF No. 130). On December 2, 2024, the Court ordered Plaintiffs to file an amended complaint against CSX. (Order [non-document] dated Dec. 2, 2024). Plaintiffs filed their amended complaint on January 2, 2025, alleging unlawful interference (Count One) and discrimination (Count Two) under the FMLA.[3] (ECF No. 136). The amended complaint also amended the factual assertions underlying Dallas's individual FMLA claims. Instead of merely alleging that CSX accused Dallas of abusing his intermittent FMLA leave and then suspending him without pay, the amended complaint alleges that CSX terminated Dallas for abusing FMLA leave. (*Compare* ECF No. 104, ¶ 228, *with* ECF No. 136, ¶ 53).

---

[3] In Counts One and Two, Plaintiffs assert that CSX interfered with and discriminated against their rights under the FMLA when it "disqualified them from having attendance points expunged, charged them with a workplace rule violation for taking FMLA leave, removed them from service for the supposed violations, forced them to defend themselves from such charges by having them submit more information about the condition that necessitated their FMLA leave than is allowed under the law, and terminated them for using FMLA leave." (ECF No. 136, PageID #65–66).

4

On January 23, 2025, CSX filed its Motion to Dismiss, seeking to solely dismiss Plaintiff Dallas's claims based on retaliatory termination. (ECF No. 139). CSX argues that Dallas's retaliatory termination claims are new claims, distinct from his previous claims based on retaliatory suspension, that are barred by the statute of limitations. (*Id.* at PageID #83). Dallas responds that his retaliatory termination claims are timely because they are the same as his original retaliatory suspension claims. (ECF No. 143, PageID #110).

### III. STANDARD OF REVIEW

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Rule 8(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation. *Id.* at 677–78 (citing *Twombly*, 550 U.S. at 555). A plaintiff must provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* When reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## IV. DISCUSSION

CSX argues that Dallas asserts new claims based on retaliatory termination in the amended complaint which are time-barred by the statute of limitations because Dallas waited seven years to raise these new FMLA claims. (ECF No. 138, PageID #87). It further argues that there is no basis for tolling the statute of limitations because: (i) the *Bell* court's tolling order (ECF No. 51) only applied to Dallas's original retaliatory suspension claims; and (ii) the *American Pipe*[4] tolling doctrine does not apply. (*Id.* at PageID #87–94). Dallas responds that his claims are not time-barred because he is not asserting any new, separate FMLA claims; instead, he is clarifying the factual basis of his existing FMLA claims and correcting the fact that his removal from service was permanent not temporary. (ECF No. 143, PageID #113–15). He also argues that, even if these are new claims, the statute of limitations was tolled by the *American Pipe* doctrine. (*Id.* at PageID #115–20).

### A. Retaliatory Termination – New or Clarified Claim

The Court finds that the amended complaint asserts new claims under the FMLA based on retaliatory termination. When asserting a retaliation claim under the FMLA, plaintiffs must prove that: (i) they engaged in a protected activity; (ii) they suffered an *adverse employment action*; and (iii) a causal connection existed between the adverse employment action and the protected activity. *Gembus v. MetroHealth Sys.*, 290 F. App'x 842, 844–45 (6th Cir. 2008). A retaliation claim therefore centers on a specific adverse employment action—whether it be reassignment, suspension, or termination. Suspension and termination of employment are separate and distinct adverse actions. To prevail on a retaliatory termination claim, a plaintiff must prove that he was terminated, while proving a mere suspension would be insufficient. The retaliatory termination

---

[4] *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).

claims that Dallas now asserts also opens CSX up to additional liability beyond what would be available under a retaliatory suspension claim. They also require evidence establishing separate and different damages than those related to suspension without pay. Simply put, an FMLA retaliation claim based on a suspension without pay is a different claim than one based on termination.

B.      **Doctrine of Relation Back**

Because Dallas is asserting new claims, the Court must determine whether they are barred by the applicable statute of limitations. The parties do not dispute that Dallas was terminated shortly after December 26, 2017. (ECF No. 136, PageID #64; ECF No. 138, PageID #87; ECF No. 143, PageID #111–12). With no exact date provided by the parties or the record, the Court will assume the termination took effect in early 2018. Under the relevant statute of limitations (either two or three years), Dallas would normally have had to file retaliatory claims based on his termination no later than early 2021.[5] Dallas asserted his retaliatory termination claim for the first time in the amended complaint filed in this Court on January 2, 2025. (ECF No. 136). However, the Court finds that Dallas's new claims are not barred by the statute of limitations because of the doctrine of relation back.

An amendment to a pleading relates back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . .in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Once litigation involving particular conduct

---

[5] The statute of limitations for FMLA claims is generally two years "after the date of the last event constituting the alleged violation," or three years if the violation is "willful." 29 U.S.C. § 2617(c)(1)–(2). "A violation is willful if 'the employer intentionally or recklessly violated the FMLA.'" *Hasanaj v. Detroit Pub. Schs. Cmty. Dist.*, 35 F.4th 437, 455 (6th Cir. 2022) (quoting *Crugher v. Prelesnik*, 761 F.3d 610, 617 & n.9 (6th Cir. 2014)). An FMLA claim accrues when a plaintiff learns of the alleged adverse employment action. *See* 29 U.S.C. § 2617(c)(1)–(2); *see, e.g.*, *Williams v. Nw. Airlines*, 53 F. App'x 350, 352 (6th Cir. 2002); *Ruiz-Fane v. Tharp*, 545 F. Supp. 3d 543, 560 n.6 (N.D. Ohio 2021).

(in this case, retaliatory termination or suspension) has been instituted, parties are not entitled to the protection of the statute of limitations against the later assertion of claims that arise out of the same conduct as set forth in the original pleading. *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999). Courts have permitted parties to add entirely new legal theories or entirely new claims for relief in an amended pleading so long as they arise out of the same conduct. *See Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248–49 (6th Cir. 2000) (collecting cases).

Dallas was added as a plaintiff to the original class action when the *Bell* plaintiffs filed their first amended complaint in the *Bell* court. (ECF No. 104). At that time, Dallas asserted FMLA interference and discrimination claims based on retaliatory suspension without pay; he alleged that CSX took an adverse employment action against him (suspension without pay) for FMLA leave taken from December 24, 2017 to December 26, 2017. (*Id.* at PageID #5750–51, 5801–03). Dallas's FMLA claims based on retaliatory suspension were timely filed because: (i) the *Bell* court tolled the statute of limitations on all additional plaintiffs' claims, which included Dallas, until 30 days after the stay in the case was lifted, (ECF Nos. 51, 55); (ii) the *Bell* court lifted the stay on April 1, 2024, (ECF No. 96); and (iii) the first amended complaint was filed on April 23, 2024, (ECF No. 104).

Plaintiff Dallas's new retaliatory termination claims arise out of the same conduct set out in the first amended complaint filed in the *Bell* court. (*Compare* ECF No. 104, PageID #5750–51, *with* ECF No. 136, PageID #63–64). Although Dallas now asserts a different adverse employment action (termination of employment rather than suspension without pay), the factual allegations underlying the new FMLA claims are identical to the prior claims. He alleges that CSX terminated him after he took FMLA leave from December 24, 2017 to December 26, 2017 (the same leave that he previously alleged was the basis of his retaliatory suspension claim). (*Compare* ECF

8

No. 104, PageID #5750–51, *with* ECF No. 136, PageID #63–64). Because the retaliatory termination claims arise out of the same conduct set out in the original pleadings, the amended claims relate back and are considered timely filed. Fed. R. Civ. P 15(c)(1)(B).

CSX argues that Dallas cannot rely on the relation back doctrine under Fed. R. Civ. P. 15(c) because he was added to the *Bell* class action in the 2024 amended complaint, which is considered the "original pleading" for his purposes and is well past the statute of limitations. (ECF No. 138, PageID #87 n.3). The Court finds CSX's argument unpersuasive. While the 2024 amended complaint was filed after the statute of limitations would have normally lapsed, as discussed above, the statute of limitations had been tolled and Dallas's original FMLA claims are considered timely filed.[6] Thus, Dallas's new FMLA claims, which relate back, are also considered timely filed.[7] Accordingly, the Court finds that Dallas's retaliatory termination claims are not barred by the statute of limitations and **DENIES** the Motion to Dismiss.[8]

## V.  CONCLUSION

For the foregoing reasons, CSX's Motion to Dismiss (ECF No. 139) is **DENIED.**

---

[6] For support, CSX cites *Kellom v. Quinn*, 86 F.4th 288, 294 (6th Cir. 2023) for the proposition that the relation back doctrine does not apply when an amended complaint adds a new plaintiff. ((ECF No. 138, PageID #87 n.3). But that case is inapposite because it involved plaintiffs whose claims were found not to relate back to the filing of the original complaint because they did not join as plaintiffs until after the statute of limitations had lapsed on their claims. *Kellom*, 86 F.4th at 293–95. In essence, those plaintiffs did not timely join the action and never filed a timely claim. Here, Dallas was previously added as new a plaintiff and asserted timely claims because the statute of limitations was tolled by the *Bell* court. Thus, Dallas was added to the action and asserted timely claims. Now, the relation back doctrine is being applied to new FMLA claims that are related to the previous, timely filed FMLA claims.

[7] Plaintiff Dallas's new retaliatory termination claims will also not prejudice CSX's ability to defend the claim on its merits. As explained above, the elements of a retaliation claim remain the same no matter what adverse employment action is taken. *See Gembus*, 290 F. App'x at 844–45. Because CSX allegedly terminated Dallas for the same conduct he was initially suspended for, it can assert essentially the same defenses it would have asserted for a retaliatory suspension claim. Moreover, the new retaliatory termination claims are not an undue surprise to CSX because: (i) it would have known that it had terminated Dallas from his employment because of alleged FMLA leave abuse; and (ii) the *Bell* class action was initially brought by 20 current or former CSX employees who had been terminated or suspended for allegedly misusing FMLA leave.

[8] Because the Court holds that Plaintiff Dallas's retaliatory termination claim is timely under the relation back doctrine, we do not address the parties' *American Pipe* or equitable tolling arguments.

**IT IS SO ORDERED.**

Date: May 20, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**